## DE WITT v. SUPERIOR COURT OF FRESNO COUNTY.

### S. F. No. 556; February 10, 1897.

47 Pac. 871.

**Contempt—What Constitutes.**—An Attorney for Defendant, in an action in which judgment is rendered that defendant restore possession of premises, who thereupon notifies the sheriff that he is the owner, and in exclusive possession, of the premises, and that defendant is not in possession, and that he will, by all lawful ways, resist any attempt to take possession from him, is not thereby guilty of contempt, though his notice deters the sheriff from serving the writ.

Certiorari by H. G. De Witt to review judgment of the Superior Court of Fresno County. Judgment annulled.

L. L. Cory for petitioner; Geo. B. Graham for respondent.

BEATTY, C. J.—This is certiorari to review the judgment of the superior court of Fresno county adjudging the petitioner guilty of contempt of court. The affidavit upon which the petitioner was cited was as follows:

"[Title, Court, and Cause.]

"State of California,
County of Fresno—ss.:

[Affidavit of Graham.]

"Geo. B. Graham, being duly sworn, deposes and says: That he is now, and at all times since the commencement of the above-entitled action has been, the attorney of the plaintiffs in said action. Affiant now gives this honorable court knowledge and information that said defendant, H. G. De Witt, has committed and is guilty of contempt of this court in the unlawful interference with the process of this court in defying the judgment, process, and officer of this court, and by attempted intimidation of such officer, committed as follows, to wit: On the 18th day of April, 1896, said court rendered its decision in said action, and on the 21st day of April, 1896, in writing, made, signed, and filed its findings and judgment in said action. That, among other things, said court in said action found as follows: 'That on the 23d day of November, 1895, the plaintiff, Sarah I. Foulke (H. A. Foulke, her husband, joining her therein), made a lease, and leased, demised, and let to Stephen Arthur, the said defendant, the premises situate, lying, and being in the county of Fresno, state of California, described as follows, to wit: Lots 15 and 16 in block 21 in the town of Clovis, as the same appears on the map or plat of said town now on file and of record in the office of the county recorder of the said county of Fresno, for the term of one year from the first day of December, 1895, for the total rent or sum of six hundred dollars, payable fifty dollars in advance on the first day of each and every month during said term. That said defendant, Arthur, was let into and took possession of said premises under said lease, and still continues to hold and occupy the same, as tenant thereof, by virtue of said lease.' Also the further finding, to wit: 'That said defendant, Arthur, holds over and continues in possession of said

premises after default in the payment of rent, as aforesaid, without plaintiff's permission, and against her will and consent, and after three days' notice in writing to surrender possession of the same.' That thereupon said court ordered and adjudged that the said defendant, Stephen Arthur, restore to plaintiff, Sarah I. Foulke, the possession of said premises within five days from the date thereof, and that a writ of restitution be, and the same was, awarded. That after the rendition of said judgment, and after the making and filing of said findings and judgment, on, to wit, April 22, 1896, said H. G. De Witt served on Jay Scott, sheriff of the said county, whose duty it was to execute any and all writs in said action, a certain written document signed by him, the same being in the words and figures as follows, to wit: 'To Jay Scott, Sheriff of Fresno County: You will please take notice that I, the undersigned, am the owner of, and in the sole and exclusive possession of, all that certain real property, with the improvements thereon, situated in the town of Clovis, in the said county of Fresno, particularly described as follows: Lots 15 and 16 in block 21 in the town of Clovis, according to the map of said town of Clovis on file · and of record in the office of the county recorder of said county of Fresno. That Stephen Arthur is not, nor has he been for some time past, in any manner in the occupancy or possession of said property, or any part thereof, and that in the event, in any manner, you attempt to take possession of said property, or any portion thereof, under or in pursuance of any writ in any judgment rendered in the superior court of the county of Fresno, state of California, in an action therein pending by S. I. Foulke and H. A. Foulke against the said Stephen Arthur, that I will resist any such attempt to take possession thereof, and will treat you as a trespasser, and will hold you responsible on your bond for any invasion of my rights, if you attempt to take possession of said property, or any portion thereof, under or in pursuance of such writ, or otherwise. And that I will resist by all lawful ways and means, and by all reasonable force, any attempt on your part to take the possession of said property from me, or any attempt on your part to place  the said H. A. Foulke and Sarah I. Foulke, or either of them, in possession of said property, or any part thereof. Dated April 21, 1896. Yours, etc., H. G. De

Witt. Due service by a copy of the foregoing notice is hereby admitted this 22nd day of April, 1896. Jay Scott, Sheriff, by L. A. Spencer, Under Sheriff.' That by reason of the false statements and threats contained in said notice, said Jay Scott, sheriff, as aforesaid, has been obstructed, deterred, and intimidated in the execution of said writ of restitution issued upon said judgment in said action by the clerk of said court under his hand and the seal of said court on April 28, 1896, and delivered on the same day to said sheriff to execute, and by reason of said threats said sheriff has not and will not execute the same. Wherefore, affiant prays this honorable court to take cognizance thereof, to the end that said H. G. De Witt may be justly dealt with and adequately punished for said contempt.

"[Signed]     GEO. B. GRAHAM.
"[Properly subscribed and sworn to.]"

Every court in matters of contempt is a court of special and limited jurisdiction. It has power only to punish those acts which are contempts of its authority, and the question whether the facts alleged amount to a contempt is always jurisdictional.

The facts alleged in the affidavit above quoted do not constitute a contempt of court, and the judgment founded upon it is necessarily void. Said judgment is hereby annulled.

We concur: Harrison, J.; Van Fleet, J.